# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SUSIE EDWARDS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0154**  (BOR Appeal No. 2048643)
                    (Claim No. 2010132398)

**HEALTHSOUTH CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Susie Edwards, by Gregory Prudich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Healthsouth Corporation, by Tanya Kaplan and Jeffrey Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 27, 2014, in which the Board affirmed a July 31, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's December 15, 2011, decision granting Ms. Edwards a 3% permanent partial disability award, and granted Ms. Edwards a 4% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Edwards injured her right shoulder and arm on April 26, 2010, when she tripped over a telephone cord and fell. She has undergone four independent medical evaluations for the purpose of determining the amount of permanent impairment arising from her injuries. On October 20, 2011, Barry Levin, M.D., examined Ms. Edwards and opined that she sustained 3% whole person impairment as a result of range of motion limitations in flexion and abduction of the right shoulder. Dr. Levin opined that rotation in the right shoulder was within normal limits.

1

On December 15, 2011, the claims administrator granted Ms. Edwards a 3% permanent partial disability award based on Dr. Levin's recommendation.

On October 8, 2012, Bruce Guberman, M.D., performed an independent medical evaluation. He opined that Ms. Edwards sustained 7% whole person impairment as a result of range of motion limitations in flexion, extension, abduction, adduction, internal rotation, and external rotation of the right shoulder. Bill Hennessey, M.D., examined Ms. Edwards on March 19, 2013. He opined that Ms. Edwards sustained 4% whole person impairment as a result of mild range of motion limitations in flexion, abduction, and internal rotation. Dr. Hennessey reviewed Dr. Guberman's report and opined that there is no objective basis for Dr. Guberman's subjective findings concerning loss of range of motion in Ms. Edward's right shoulder. Finally, Prasadarao Mukkamala, M.D., examined Ms. Edwards on March 20, 2013. Dr. Mukkamala opined that Ms. Edwards sustained 3% whole person impairment as a result of range of motion limitations in flexion and abduction of the right shoulder. Dr. Mukkamala also reviewed Dr. Guberman's report and opined that Dr. Guberman's findings could not be substantiated. He further opined that Dr. Guberman's findings are not consistent with those of the other physicians of record.

In its Order reversing the December 15, 2011, claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that Ms. Edwards sustained 4% whole person impairment as a result of the April 26, 2010, injury. On appeal, Ms. Edwards asserts that she is entitled to an additional 3% permanent partial disability award, per the opinion of Dr. Guberman.

The Office of Judges concluded that Dr. Guberman's findings are not persuasive. The Office of Judges then determined that the findings of Dr. Levin, Dr. Hennessey, and Dr. Mukkamala are entitled to equal evidentiary weight. Therefore, in accordance with the provisions of West Virginia Code § 23-4-1g(a) (2003), the Office of Judges adopted the finding most consistent with Ms. Edwards's position, namely Dr. Hennessey's determination that she sustained 4% whole person impairment. The Board of Review adopted the reasoning and conclusions of the Office of Judges in its decision of January 27, 2014. We agree with the conclusions of the Board of Review. Dr. Hennessey and Dr. Mukkamala, who both evaluated Ms. Edwards following Dr. Guberman's evaluation, were unable to substantiate Dr. Guberman's findings, and the Office of Judges and Board of Review properly determined that Dr. Guberman's report is entitled to less evidentiary weight. In weighing the remainder of the evidence, the Office of Judges and Board of Review properly applied West Virginia Code § 23-4-1g(a) when concluding that Ms. Edwards is entitled to a 4% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II